Edgar C. WORTS, Appellant,

v.

A. L. DUTTON, Warden, Georgia State Prison, Appellee.

No. 25217.

United States Court of Appeals
Fifth Circuit.

June 5, 1968.

Q. Robert Henry, Brunswick, Ga., for appellant.

Mathew Robins, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

This is an appeal by a state prisoner from the denial of his petition for a writ of habeas corpus. He is serving consecutive sentences on convictions of robbery by force. He was sentenced in 1962 after pleading not guilty and after a jury, in a single trial, returned a verdict of guilty as to both robberies. He took no state court appeal. We must consider nine alleged grounds for relief.[1]

Appellant contends that he was illegally arrested and illegally detained in jail for more than two months prior to trial. These allegations fail for want of proof. He contends that he was denied a preliminary hearing. There was no proof that he requested a preliminary hearing. Moreover, there is no

---

1. The record before us consists of the transcripts of two evidentiary hearings held some months apart in the District Court as well as the record of a prior state court habeas proceeding. Some of the assignments or contentions of error herein discussed are not specifically asserted although they have been the subject of consideration at some point in the proceedings. Due to the ever increasing number of prisoners filing repeat applications for habeas relief, we deem it to be good judicial practice to ferret out and consider on the first appeal all claims for relief which may properly be considered. See Paige v. Potts, 5 Cir., 1965, 354 F.2d 212, fn. 2, on adopting practices in the District Courts to avoid piecemeal appeals.

federal constitutional right to a preliminary hearing in Georgia and a preliminary hearing in Georgia is not a critical stage of the proceedings such as would warrant the right to counsel. Kerr v. Dutton, 5 Cir., 1968, 393 F.2d 79.

█ Appellant also claims that his court appointed counsel represented him in an inadequate manner. One of the bases for this contention is the fact that his lawyer permitted him to be tried for both robberies in a single trial. This is an obvious example of trial strategy, as his lawyer testified, and may not serve as a basis for relief.

In addition, appellant urges that his lawyer failed to subpoena a crucial witness. The affidavit of this witness, offered by appellant in the District Court on the habeas hearing, demonstrates that his testimony was not material.

█ He alleges that the state trial court violated his Sixth Amendment right to counsel by appointing the lawyer only one day prior to the trial and hence the lawyer did not have the opportunity to fully prepare for the trial. Cf. Roberts v. United States, 5 Cir., 1963, 325 F.2d 290. The lawyer testified that he was appointed at least several days prior to the trial and that he had ample time for preparation. This was a sufficient basis for the habeas court to reject this claim. The court chose to credit this testimony of counsel. See Townsend v. Dutton, 5 Cir., 1967, 377 F.2d 539. On the question of effectiveness of counsel, see Williams v. Beto, 5 Cir., 1965, 354 F.2d 698.

█ There are four additional assignments or contentions of error and these warrant more extended discussion. One is that the state was unable to produce a transcript of appellant's trial. It developed that the court reporter did not transcribe the testimony because there was no appeal. Meanwhile, in the long interval between the trial and the first habeas hearing, the reporter's stenographic notes had been destroyed in the process of clearing her files of old matter. This set of circumstances does not give rise to a federal constitutional question absent a showing that appellant lost his right to appeal through some constitutional deprivation. No litigant would have the right to require the preparation of a transcript or the preservation of the stenographic notes of the trial where no appeal was taken. Whether appellant lost his right to appeal through a constitutional deprivation chargeable to the state will be next considered.

His assertion that he was denied the right to appeal arises in the context of his lawyer's refusal to appeal the case and a claim that the state court, with knowledge of his indigency, failed to advise him that a lawyer would be appointed to represent him on the appeal. Appointed counsel testified that he was discharged from further duties in connection with appellant's case immediately after appellant was sentenced. The only fair inference from the facts of record is that appointed trial counsel advised appellant that he would appeal the case provided he was paid a fee and that appellant could not pay. The lawyer later discussed the matter with appellant's mother after appellant had requested his mother to talk with the lawyer. He again offered to appeal upon payment of a fee but advised the mother that the court would appoint a lawyer to represent appellant on appeal. There is no evidence whatever of any involvement by the court or any state official in the negotiations concerning the appeal or that the court or any official knew of appellant's desire to appeal.

The remedy of an out of time appeal is now a familiar one in this court where a trial court has denied counsel to indigent persons who wish to appeal. See, for example, Schwander v. United States, 5 Cir., 1967, 386 F.2d 20; Lyles v. United States, 5 Cir., 1965, 346 F.2d 789; Brewen v. United States, 5 Cir., 1967, 375 F.2d 285; Bray v. United States, 5 Cir., 1966, 370 F.2d 44; Camp v. United States, 5 Cir., 1965, 352 F.2d 800. Moreover, under the supervisory power of the federal courts and the fed-

eral rules of criminal procedure, the United States District Courts are required to advise an indigent person of the right to appeal from a criminal conviction and of the right to apply for leave to appeal in forma pauperis. See Rule 32(a) (2) F.R.Crim.P.

The law as it relates to state prisoners is, however, somewhat different and a federal habeas court may only require that federal constitutional standards be met. We come then to the question of what constitutional standard applies in the circumstances of this case and whether, having ascertained the standard, appellant is entitled to an out of time appeal.

An indigent criminal defendant is entitled to have counsel appointed on appeal. Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. Furthermore, when it appears that a defendant is indigent and desires to appeal, no waiver of his constitutional right to counsel will be inferred from a failure to request a lawyer. Swenson v. Bosler, 1967, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33. This however, means that the desire to appeal must be known to the state court.

The facts here are that the state trial court did not advise appellant of his right to appeal or of his right to court appointed counsel if he wished to appeal. The trial court, for aught the record shows, simply took no action. There is nothing of record to show that the trial court knew of appellant's desire to appeal.

We have held that the state has no affirmative duty to appoint counsel unless some responsible state official has knowledge that the defendant is indigent, and that he wishes to appeal. See Edge v. Wainwright, 5 Cir., 1965, 347 F.2d 190; Pate v. Holman, 5 Cir., 1965, 341 F.2d 764. Cf. King v. Wainwright, 5 Cir., 1966, 368 F.2d 57. The facts of this case indicate that the trial court knew that Worts was indigent, but there is no evidence that at any time the trial

judge was made aware of Worts' desire to appeal. Thus there has been no state action depriving him of rights under the Fourteenth Amendment. See Pate v. Holman, supra 341 F.2d at 775.

We have also taken another approach in cases of this kind. In Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307, we granted relief to a habeas applicant whose court appointed trial counsel, although believing that there were meritorious grounds for appeal, deliberately failed to move for a new trial or to file a notice of appeal. He also failed to advise his client of the grounds and of the time limits on taking an appeal. We held that counsel was ineffective under these facts to the extent of not meeting Sixth Amendment standards. Here appellant knew that he could appeal and his mother was advised by the lawyer that the court would appoint a lawyer for the appeal. Appellant let the matter rest at this point and we find Wainwright v. Simpson, supra, inapposite. We conclude that there is no merit in the contention that appellant was denied his right to appeal or to appointed counsel on appeal.

There are two remaining claims. Both have merit. The first is that appellant's counsel was not present when he was sentenced in the state court. The second is that his lawyer failed to object to the introduction into evidence of his prior criminal record.

It is undisputed that appellant was an indigent person. The trial court appointed counsel to represent him on the trial. Appellant testified that his counsel did not appear with him at the time of his sentencing. The trial court could have provided that his sentences could be served concurrently; instead, the court provided that they were to be served consecutively. Court appointed counsel did not deny the testimony of appellant that he had not been present at sentencing. We conclude from the record that he had no counsel when he was sentenced and this is a deprivation

of an important Sixth Amendment right. Houston v. Ellis, 5 Cir., 1958, 252 F.2d 186; Ellis v. Ellisor, 5 Cir., 1956, 239 F.2d 175; Martin v. United States, 5 Cir., 1950, 182 F.2d 225. Thus the sentences imposed upon appellant must be vacated with the provision that the state be given the right to resentence him after he is afforded counsel.

The claim that appellant's lawyer permitted appellant's prior criminal record showing another robbery to be introduced in evidence against him on the trial without objection goes again to adequacy of counsel. Appellant testified that his character had not been put in issue. Under the Georgia procedure, appellant had his choice of making an unsworn statement and not being subject to cross examination or he could have testified under oath and been subject to cross examination. In either event, his prior record would be inadmissible against him unless he put his own character in issue. See Ga.Code Ann. § 38–415 (where defendant may testify under oath), Bryant v. State, 1941, 65 Ga.App. 523, 16 S.E.2d 241 (unsworn statement).

This contention is not rebutted. There is no testimony from appellant's attorney with reference to the specific point nor is there any finding by the District Court that appellant's testimony was discredited. The case must be remanded to the District Court for a finding on this point either on the same record or on the record as supplemented.

We thus hold that appellant Worts is entitled to have his sentences vacated subject, however, to being resentenced with the benefit of counsel. He is also entitled to a finding by the District Court as to whether his attorney improperly failed to object to the introduction in evidence of appellant's prior criminal record, and, if so, whether this constituted representation by counsel which falls short of the Sixth Amendment requirement.

Reversed and remanded for further proceedings not inconsistent herewith.