**Richard E. BYRD, Petitioner-Appellee,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Reidsville, Georgia, Respondent-Appellant.**

No. 26683.

United States Court of Appeals
Fifth Circuit.

Feb. 4, 1969.

Arthur K. Bolton, Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., Joel C. Williams, Jr., Deputy Asst. Atty. Gen., Atlanta, Ga., for appellant.

Earle B. May, Jr., Trammell E. Vickery, Atlanta, Ga., for appellee.

## SUPPLEMENTAL OPINION

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

JOHN R. BROWN, Chief Judge:

When Gideon sounds his trumpet courts listen. This time the horn calls for Richard E. Byrd, convicted in 1962 of murder and sentenced to life imprisonment at age sixteen.

On the basis of the briefs and record, we have concluded that the case is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put the case on the summary calendar and notify the parties in writing.[1]

Having exhausted his state remedies, Petitioner filed a writ of habeas corpus in Federal District Court in 1966. That court granted the writ and directed that the state retry Petitioner within 90 days or release him. Crediting all fact findings, F.R.Civ.P. 52(a), we modify the result by vacating the judgment of the District Court and remanding with directions that the state afford Petitioner an out-of-time appeal, or in the alternative retry or release him.

Petitioner was represented at trial by court-appointed counsel who was paid, by the state, approximately $175 for his services. After the life sentence was imposed counsel filed a motion for new trial which the trial court either overruled or counsel dismissed. That was counsel's final effort in his client's behalf. He never requested or studied a copy of the record.

Petitioner claims that counsel told him during and after the trial that his conviction would be appealed, to the Supreme Court if necessary. Petitioner also claims that his relatives were advised by counsel that an appeal would be prosecuted. At the habeas proceeding, counsel could neither confirm nor deny these allegations, not remembering what he told Petitioner. Judge Morgan, then District Judge, resolved the fact issues in favor

---

1. In order to establish a docket control procedure the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for, and propriety of, summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158. For cases heretofore placed on the summary calendar, see Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165; United States v. One Olivetti Electric 10-Key Adding Machine, etc., 5 Cir., 1969, 406 F.2d 1167; United States v. One 6.5 mm. Mannlicher-Carcano Military Rifle, etc. and John J. King, 5 Cir., 1969, 406 F.2d 1170; N.L.R.B. v. The A. & P. Tea Co., 5 Cir., 1969, 406 F.2d 1173; Thompson v. White, 5 Cir., 1969, 406 F.2d 1176.

of Petitioner and held that he had not knowingly waived the right to appeal and had been deprived of adequate counsel on appeal. The District Court found that appointed counsel fully and adequately represented Petitioner during the trial and failed only to actively pursue the appeal.

 It is clear beyond question that indigents must be furnished counsel at every critical stage of criminal proceedings, including the first appeal.[2] The State may discharge this obligation in various ways, such as appointing counsel to serve from the initial stages through the first appeal, or until relieved by the Court, or by appointing new counsel at the various stages. But whatever the system—adequate representation must be provided through appeal. The State cannot discharge that responsibility levied upon it by the Fourteenth Amendment, without notifying defendants of their rights.[3] Here, however, state-appointed counsel informed Petitioner, to a very limited extent, of his appellate

rights,[4] and Petitioner communicated to counsel under these circumstances the paid representative of the State—his desire to appeal.[5] The burden was then on counsel, and through him on the State, to comply with the explicit requirements of *Anders, supra.* The Supreme Court established the following guidelines for counsel appointed to prosecute an appeal from a criminal conviction in State Court: (1) Counsel must make a conscientious examination of the case; (2) If he finds that an appeal would be wholly frivolous, *he must notify the Court* and request permission to withdraw; (3) That request must be accompanied by a brief presenting any issue which might arguably be raised on appeal; (4) Petitioner should be furnished a copy of the brief and allowed an opportunity to raise any additional issues; (5) The *Court* then proceeds to examine the case to determine whether it is frivolous; (6) If the Court finds the appeal frivolous it may grant the request to withdraw and dismiss the appeal; and (7) If the Court finds any

2. Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811; Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed.2d 891. See Stovall v. Denno, 1967, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199, 1204, for retroactivity of counsel on appeal.

3. "We have held that the state has no affirmative duty to appoint counsel unless some responsible state official has knowledge that the defendant is indigent, and that he wishes to appeal." Worts v. Dutton, 5 Cir., 1968, 395 F.2d 341, 344.

4. It is undisputed that the sixteen-year-old Petitioner, with a third grade education, was not fully advised of his rights or aware of the consequences of inaction following his conviction and sentencing. In fact, Petitioner testified that counsel did not explain what an "appeal" was and that he did not know what the Supreme Court was. As trial counsel stated, Petitioner "was relying pretty heavily on my recommendations to him."

 Cf. Boruff v. United States, 5 Cir., 1962, 310 F.2d 918.

5. An alternative approach is that taken in Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307, where, on similar facts, we held that court-appointed counsel who failed both to prosecute an appeal and to advise his client of the grounds for appeal and the applicable time limits, was ineffective to the extent of not meeting Sixth Amendment standards.

 Since counsel was court-appointed and State-paid and we have adequate State action here to bring this deprivation of liberty within the penumbra of the Fourteenth Amendment, we need not further extend the fascinating discussion, succinctly stated in Breedlove v. Beto, 5 Cir., 1968, 404 F.2d 1019, 1020, n. 1, whether to meet the State action element *retained* counsel may be so ineffective as to amount to an unconstitutional denial of counsel.

 We are likewise not confronted with the problem of knowing waiver of appellate rights, since the District Court found on more than adequate facts that if, as is likely, it was waived by counsel, Petitioner could not knowingly have participated in such a waiver. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307.

of the issues arguable on their merits, it must then furnish counsel to argue the appeal. Here *none* of these requirements was complied with. Therefore, Petitioner was deprived of adequate representation of counsel on appeal in violation of the Fourteenth Amendment.

■ That means that we agree fully with the District Court that the conviction cannot stand in its present posture. Our difference is narrow and may turn out to be minor. But we regard it to be of *major* concern in the approach of real comity that all of our recent cases reflect.[6] Georgia must either allow an appeal at this time [7] or permit an out-of-time appeal by whatever procedure is necessary [8] with such appeal— having the full effectiveness of one earlier taken—or it faces the alternative of the conviction being vacated and the Petitioner being either (a) retried within ninety days or (b) released.[9] If Petitioner is not afforded an appeal or new trial within the time to be set by the District Court, the writ must issue and the Petitioner be discharged.

---

**6.** See, *e.g.*, Boyer v. City of Orlando, 5 Cir., 1968, 402 F.2d 966; Irving v. Breazeale, 5 Cir., 1968, 400 F.2d 231; Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731; Texas v. Payton, 5 Cir., 1968, 390 F.2d 261.

**7.** It is not at all certain that the appeal has been lost or that it is now out of time. In Georgia's contention that state remedies here have not been completely exhausted, it urges that the motion for new trial may yet be pending undetermined in the State Court and if so, action could be taken and, if overruled, a timely appeal commenced. That is a matter for Georgia Courts.

But the Petitioner is to suffer no risk from the inability to predict how it will be treated in Georgia. Either the appeal is timely or it is not. If the Georgia Court holds the appeal untimely, it then faces the alternatives set out above.

**8.** Federal Courts, in their habeas role, have the power and duty to fashion appropriate relief "as law and justice require." 28 U.S.C.A. § 2243. See Peyton v. Rowe, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426.

The appeal here must provide as adequate a review of Petitioner's conviction

---

## Supplemental Opinion

**PER CURIAM:**

The District Court, having on June 28, 1968 ordered Petitioner to be retried within ninety days or released, entered a further order on December 27, 1968 enlarging Petitioner on his own recognizance pending appeal by the State of Georgia to this Court. The order of enlargement was based primarily on Rule 23(c), Federal Rules of Appellate Procedure, which favors enlargement in habeas corpus cases where the district court has granted release. This Court having concluded upon consideration of the appeal that the District Court erred in requiring Georgia to retry Petitioner or release him, rather than simply requiring an out of time appeal, the order of enlargement pending appeal is hereby vacated.[1]

## APPENDIX

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his

---

as if he had appealed immediately following sentencing. Bland v. Alabama, 5 Cir., 1965, 356 F.2d 8, cert. denied, 1966, 383 U.S. 947, 86 S.Ct. 1203, 16 L.Ed.2d 210.

This is the accepted procedure in this Circuit in Federal cases: McKinney v. United States, 5 Cir., 1968, 403 F.2d 57 [Nov. 5, 1968]; Schwander v. United States, 5 Cir., 1967, 386 F.2d 20; Brewen v. United States, 5 Cir., 1967, 375 F.2d 285; Bray v. United States, 5 Cir., 1966, 370 F.2d 44; Camp v. United States, 5 Cir., 1965, 352 F.2d 800; Lyles v. United States, 5 Cir., 1965, 346 F.2d 789 and in State cases: LeMaster v. Beto, 5 Cir., 1967, 387 F.2d 612; Beto v. Martin, 5 Cir., 1968, 396 F.2d 432.

**9.** The District Court on remand will enter appropriate orders to carry out these directions and opinion.

**1.** In its order of December 27, 1968, the District Court stayed the issuance of detainers on two other state indictments against Petitioner. This was necessary to make its order of enlargement effective. Since we vacate the order of enlargement, the stay of issuance of detainers is likewise vacated.

discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

## RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

## RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
### FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.