**Amos LUMPKIN, Petitioner-Appellant,**

v.

**Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.**

**No. 29813.**

United States Court of Appeals, Fifth Circuit.

March 17, 1971.

Ronald W. Rogers, Atlanta, Ga. (Court-appointed), for petitioner-appellant; Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., of counsel.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, William R. Childers, Jr., Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before RIVES, GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court for the Northern District of Georgia, 309 F.Supp. 1325, denying a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (1959). We reverse and remand.

Petitioner was convicted of the offense of rape by the Superior Court of Fulton County, Georgia, on June 16, 1967, and was sentenced to life in prison. In this appeal, the petitioner limits himself to the contention that he was denied effective assistance of counsel because his court-appointed counsel failed to advise him of his right to appeal, the procedure and time limitations involved, and that he was entitled to a court-appointed attorney on appeal if he were unable to retain counsel with his own funds.

In denying the petition, the district court held that Worts v. Dutton, 5 Cir., 1968, 395 F.2d 341, was controlling. In *Worts* the question was not whether the petitioner had adequately been informed of his right to appeal as a pauper by his appointed counsel, but whether the petitioner had waived his rights to appeal by inaction after he had been so informed. We find *Worts* inapposite.

It is well established in this Circuit, as elsewhere, that an indigent accused is denied effective assistance of counsel at a critical stage of the criminal process when his court-appointed attorney fails to advise him of his right to appeal, the procedure and time limits involved, and of his right to appointed counsel on appeal. Thomas v. Beto, 5 Cir., 1970, 423 F.2d 642, 643; Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307. See Nelson v. Peyton, 4 Cir., 1969, 415 F.2d 1154, cert. den., sub nom. Cox v. Nelson, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420.

The district court undertook to distinguish Wainwright v. Simpson, supra, on the ground that, unlike the situation in *Worts*, any appeal from the petitioner's conviction would be unmeritorious. We cannot agree that where the basis of relief is denial of counsel or denial of effective assistance of counsel that a showing of some chance of success is prerequisite for habeas corpus relief. Nelson v. Peyton, supra, 415 F.2d at 1159.

The record before us is silent and the district court failed to make any findings as to whether petitioner's court-appointed counsel failed to advise, or erroneously advised, petitioner as to his right to appeal. Therefore, it is necessary to remand this matter to the district court for further findings of fact.

■ If the district court finds that petitioner was indeed denied effective assistance of counsel, as set forth in this opinion, the State of Georgia must either allow an appeal at this time or permit an out-of-time appeal by whatever procedure is appropriate. See Thomas v. Beto, supra, 423 F.2d at 643; Bryd v. Smith, 5 Cir., 1969, 407 F.2d 363. If, in the event the district court determines effective assistance of counsel has been denied, Georgia does not allow the petitioner an appeal, it faces the alternative of having the conviction vacated and the petitioner being either retried within ninety days or released. Thomas v. Beto, supra, 423 F.2d at 643.

The order of the district court denying the petition for a writ of habeas corpus is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.