### 27396.  BAILEY v. AULT.

NICHOLS, Justice. This is an appeal in a habeas corpus case wherein the prisoner was remanded to custody. The judgment appealed from is a summary judgment dismissing the petition upon the ground that the prisoner had previ-

ously filed another petition which raised or could have raised each issue presented by the petition in the case sub judice. *Held:*

The Habeas Corpus Act of 1967 (Ga. L. 1967, p. 835; *Code Ann.* § 50-127), provides in part: "Where after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment and sentence of a court has been denied relief upon application for habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by the court unless the application alleges and is predicated upon a ground not adjudicated on the hearing of the earlier application for the writ, and unless the court is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ."

The exhibits submitted in support of the motion to dismiss, this converting the same into a motion for summary judgment, showed that the prisoner had prosecuted one petition for the writ of habeas corpus in 1964 and another in 1970. A review of the pleadings and judgment in the 1970 case discloses that every ground raised in the case sub judice was raised or could easily have been raised in the prior cases. Under the provisions of the Habeas Corpus Act of 1967, supra, and under the facts shown in the present case, the trial court did not abuse its discretion in dismissing the present petition.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 12, 1972—DECIDED OCTOBER 23, 1972.

John W. Bailey, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Frank M. Palmour, Deputy Assistant Attorney General,* for appellee.