### 27900. BROWN v. SMITH.

NICHOLS, Justice. This is the second habeas corpus petition filed by the petitioner attacking his conviction for the offense of murder in which he received a life sentence. The trial court ruled adversely to the petitioner on his first petition, and this court dismissed his appeal for failure to timely file any enumeration of error. *Brown v. Smith,* 227 Ga. 785 (183 SE2d 375). The present petition seeks to raise a question not raised in the first petition, to wit: the denial of appeal from the original conviction. The trial court, after hearing, held that the petitioner could have and should have raised such issue on the first habeas corpus proceeding. Such finding is enumerated as error as is the failure of the trial court to make the writ of habeas corpus absolute. The present petition made no mention of the

prior petition. Evidence of such prior petition and its grounds was admitted on the hearing. *Held:*

The Act of 1967 (Ga. L. 1967, p. 835; Code Ann. § 50-127 (10)) provides: "Where after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment and sentence of a court has been denied relief upon application for habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by the court unless the application alleges and is predicated upon a ground not adjudicated on the hearing of the earlier application for the writ, and unless the court is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ."

The petitioner was somewhat evasive when questioned about the prior petition and its grounds, but on redirect examination by his counsel did testify as follows: "Q. Did you make any complaint whatever about the absence of assistance of counsel after trial? A. You talking about my writ? Q. Right, in your writ? A. Yes sir, I think I did."

Under this testimony the finding of the trial court that "if Petitioner did not raise the issue alleged in this case in his previous habeas corpus hearing, he could have and should have," was authorized and the judgment remanding the prisoner to custody was not erroneous for any reason enumerated. See *Bailey v. Ault,* 229 Ga. 646 (193 SE2d 823).

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED MAY 14, 1973 — DECIDED MAY 31, 1973.

*Robert D. Peckham,* for appellant.

*Arthur K. Bolton, Attorney General, Courtney Wilder*

*Stanton, Daniel I. MacIntyre, Assistant Attorneys General,* for appellee.