John W. BAILEY, Petitioner-Appellant,

v.

Allen AULT, Warden, Georgia Diagnostic Center, Jackson, Georgia, Respondent-Appellee.

No. 73-3229

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 20, 1974.

John W. Bailey, pro se.

Arthur K. Bolton, Atty. Gen., Daniel I. MacIntyre, Asst. Atty. Gen., David L. G. King, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Northern District of Georgia dismissing in part a petition for a writ of habeas corpus on grounds of appellant's failure to exhaust state remedies on two of the contentions presented therein and denying relief on the merits as to all other grounds. We affirm in part and vacate in part, and remand the cause for further proceedings.

The appellant, a white male, represented by court-appointed counsel, was convicted upon trial by jury of murder. He was sentenced to life imprisonment on March 29, 1960. There was no direct appeal.

The appellant has apparently filed petitions for habeas corpus relief in the Georgia state courts on three different occasions, the first being in 1964.[1] The second petition for habeas relief was filed in the Superior Court of Tattnall County on February 20, 1970. Therein

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. According to the appellate opinion affirming the latest denial of state habeas relief, Bailey v. Ault, 1972, 229 Ga. 646, 193 S.E.2d 823, appellant filed his first petition in 1964. The record before us has no documentation concerning this petition nor does it include a copy of the order denying relief.

appellant presented substantially all of the issues presented to the district court in the case *sub judice*. An evidentiary hearing was subsequently held on the merits of this petition on June 17, 1970, following which the court denied relief.[2] This ruling was affirmed by the Georgia Supreme Court. Bailey v. Smith, 1971, 227 Ga. 291, 180 S.E.2d 356.

Thereafter, appellant brought a third petition for habeas relief in the Superior Court of Butts County on March 13, 1972, raising therein the same or similar issues as previously presented. That petition was dismissed on the state's motion for summary judgment. On appeal, the ruling was affirmed by the Georgia Supreme Court. Bailey v. Ault, 1972, 229 Ga. 646, 193 S.E.2d 823. Appellant then filed his petition for habeas relief in the United States District Court.

In his federal habeas petition, the appellant has contended that he was denied his constitutional rights as follows: (1) when arrested he was not advised of his rights; (2) after arrest he was denied access to counsel; (3) he was denied a preliminary hearing; (4) he was denied the effective assistance of counsel in that, *inter alia,* his appointed counsel refused to prosecute an appeal; (5) he was incompetent and "temporarily insane during the proceedings of trial;" (6) the jury selection was improper and resulted in a racially segregated grand and petit juries in his case; (7) hearsay testimony was allowed at his trial; and (8) the transcript of his trial was suppressed.

Because the district court was uncertain whether the appellant had received a full and fair hearing on all issues raised, the court appointed counsel so that appellant might have assistance in developing the issues. The court advised counsel that it was primarily concerned with the questions involving appellant's right to appeal, his right to effective assistance of counsel in the matter of appeal, and appellant's challenge to the racial composition of the juries involved.[3]

After receiving responses from both the state and the appellant's counsel, the district court dismissed without prejudice the appellant's petition upon his contention (4), denial of the effective assistance of counsel in the matter of his appeal, and on contention (6), the allegations relating to the jury composition. The court's reasoning for the dismissal was its conclusion that appellant first should present these two issues to the Georgia courts for consideration, i. e., that he had failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b).

The district court denied relief on the merits appellant's other six contentions (enumerated above), holding that "petitioner has not alleged nor has this Court disclosed anything to justify the rejection of the findings of fact and conclusion of law of the state courts."

■ After careful consideration we conclude that the ruling below dismissing the appellant's contention of denial of his right to a direct appeal with representation of counsel, for failure to exhaust state remedies, was incorrect. The record before this Court includes two of the three previous habeas petitions, which show that this issue has been presented in the Georgia state courts and decided adversely to the appellant.

The district court was of the opinion that the appellant should be required to present to the state courts the issue whether this Court's decisions in Byrd v. Smith, 5th Cir. 1969, 407 F.2d 363, and Lumpkin v. Smith, 5th Cir. 1971, 439 F.2d 1084, announced a "new rule" to be applied retroactively *vel non*. In the *Lumpkin* case we said, "It is well established in this Circuit, as elsewhere, that an indigent accused is denied effective assistance of counsel at a critical

---

2. The transcript of this hearing is included as one of the exhibits in this appeal.

3. The court noted that such concern was not to suggest that it rejected any of the appellant's other contentions at that juncture.

stage of the criminal process when his court-appointed attorney fails to advise him of his right to appeal, the procedure and time limits involved, and of his right to appointed counsel on appeal." [Citing cases.] 439 F.2d at 1085. In Edge v. Wainwright, 5th Cir. 1965, 347 F.2d 190, we held similarly relative to a state habeas applicant who complained of a 1953 conviction.

Our decision in the *Edge* case shows that in the case *sub judice* there is no valid issue of retroactivity of the rule stated in *Edge, Byrd, Lumpkin,* and numerous other cases of this Court and the Supreme Court. We said as much in the *Byrd* case. 407 F.2d at 365, fn. 2. Shiflett v. Commonwealth, 4th Cir. 1971, 447 F.2d 50 (en banc) which denied retroactivity in such cases, on which the instant ruling partially was grounded, has never been the rule in this Circuit. See also Smith v. Crouse, 1964, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039, reversing Smith v. Crouse, 1963, 192 Kan. 171, 386 P.2d 295, which had held that Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, was not to be accorded retrospective application; McConnell v. Rhay, 1968, 393 U.S. 2, 3, 89 S.Ct. 32, 21 L.Ed.2d 2. Moreover, the opinion of the Georgia Supreme Court in Bailey v. Ault, 1972, 229 Ga. 646, 193 S.E.2d 823 makes it abundantly clear that any further efforts to exhaust state remedies on this point by the appellant would be futile.

After having reviewed the transcript of the state evidentiary hearing we are of the opinion that the material facts were not adequately developed at the state court hearing, concerning the denial of appellant's direct appeal rights. Accordingly, we vacate that part of the district court's order which concerns this contention and remand the cause with directions that appellant be granted an evidentiary hearing thereon. See Lumpkin v. Smith, supra; Byrd v. Smith, supra; Edge v. Wainwright, supra.

With regard to the district court's ruling concerning the issue of jury composition, *i. e.,* the Peters v. Kiff, 1972, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83, contention, this Court recently has held that Peters v. Kiff is not to be applied retroactively. Watson v. United States, 5th Cir. 1973, 484 F.2d 34. Since this contention lacks merit as a matter of law, it is not necessary that it be further litigated.

After reviewing the record concerning appellant's other six contentions, we have concluded that the district court did not err in denying relief thereon, and accordingly the rulings on these points will be affirmed. We vacate that part of the judgment appealed from which held that there was failure to exhaust state remedies on appellant's contentions (4) and (6), and remand the cause for an evidentiary hearing on the sole issue of whether the appellant was denied his rights to a direct appeal. The appellant's contention concerning composition of the juries is to be dismissed with prejudice by the district court, for the reason stated hereinabove. Cf. Mosley v. Smith, 5 Cir., 1973, 470 F.2d 1320, 1322-1323.

Affirmed in part; vacated and remanded in part.