## 29084. BAILEY v. THE STATE.

NICHOLS, Presiding Justice.

This is the fourth appeal to reach this court stemming from the appellant's conviction in 1960 for the murder of his father-in-law. See *Bailey v. State,* 224 Ga. 48 (159 SE2d 286); *Bailey v. Smith,* 227 Ga. 291 (180 SE2d 356); *Bailey v. Ault,* 229 Ga. 646 (193 SE2d 823). On May 9, 1974, the Superior Court of Newton County granted the defendant an out-of-time appeal, appointed counsel to represent him and the present appeal was filed. This out-of-time appeal was granted as a result of the decision of the United States Circuit Court of Appeals, 5th Circuit in Bailey v. Ault, 490 F2d 71 (1974), and the decision of the United States District Court in such case on remand, Bailey v. Ault (Case No. 17862, U. S. District Court, Northern District of Georgia).

The decision of the United States District Court providing for an out-of-time appeal in this case and the judgment of the Superior Court of Newton County permitting such appeal to be filed eliminates from

consideration the appellant's contentions that a new trial should be granted because he was denied effective assistance of counsel with which to prosecute an appeal *immediately* upon his conviction and that he was denied effective counsel because he was not given specific advice, *immediately* upon conviction, as to his right to appeal from the verdict and judgment of the trial court. Compare *McAuliffe v. Rutledge*, 231 Ga. 745 (204 SE2d 141).

The sole remaining enumeration of error contends that the failure of the trial court to provide appellant with a complete and accurate transcript of the trial proceedings "as soon as practicable following his conviction," resulted in a denial of appellant's right to appeal on the merits of his case.

In Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891, 55 ALR2d 1055), any contention that destitute defendants were not entitled to an adequate appellate review and entitled to a transcript as much as a defendant with money to pay for such a transcript was put to rest. However, such transcript need not be a verbatim report of all that transpired at the defendant's trial from the call of the case to the sentence by the court. As was pointed out in Mayer v. City of Chicago, 404 U. S. 189 (92 SC 410, 30 LE2d 372), it is the duty of the state to provide the indigent as adequate and effective an appellate review as that given appellants with funds, and that in terms of a trial record this means that the state must afford the indigent a record of sufficient completeness to permit consideration of his points. It was then pointed out that a record of sufficient completeness does not translate automatically into a complete verbatim transcript. In Draper v. Washington, 372 U. S. 487, 495 (83 SC 774, 9 LE2d 899), it was said: "Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. Moreover, part or all of the

stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. In the examples given, the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review." Quoted approvingly in Mayer v. City of Chicago, supra.

The defendant here has been been furnished with a transcript of all of the testimony adduced upon his trial including objections made by trial counsel. Unlike the case of *Sims v. Balkcom,* 220 Ga. 7 (136 SE2d 766), the defendant did not receive the death sentence but counsel was successful in obtaining a life sentence for the crime of murder which was the lightest sentence permitted for such crime. As the judge of the United States District Court said in reviewing counsel's performance upon the trial of this case, "It is apparent that counsel performed exceptionally well. There were aggravating circumstances surrounding the killing, feelings were high, and the danger of the death sentence, then viable in Georgia, was great."

Again, unlike the situation in *Sims v. Balkcom,* supra, the opinion of the United States District Court shows that after the lesser sentence had been obtained the family offered to raise money for an appeal but were advised by counsel "that there was no need to appeal, that they had done their best and that the situation should be left alone."

A review of the transcript of the testimony adduced at the defendant's trial amply supports counsel's evaluation of the case. The transcript discloses a trial remarkably free of error. In the absence of some contention that counsel's argument to the jury or the court's charge contained some error, it will not merely be assumed that such error existed.

We have reviewed the transcript of the trial and the defendant's conviction of murder was amply authorized, and, as was said by the judge of the United States District Court: "In all respects, appointed counsel did a good job with a bad case." The conviction must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1974 — DECIDED OCTOBER 1, 1974.

*Crudup & Howell, E. A. Crudup, Jr.,* for appellant.
*John T. Strauss, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.