[No. 13072.   Department Two.   March 15, 1916.]

WHATCOM COUNTY, *Respondent*, v. ALFRED L. BLACK, *Appellant*, AND NAMED OWNERS, *et al.*, *Defendants*.[1]

TAXATION—LIENS—FORECLOSURE—CERTIFICATES OF DELINQUENCY—RIGHTS OF HOLDER—FORFEITURE.  Under Rem. & Bal. Code, § 9262, requiring the purchaser of a tax certificate of delinquency to pay subsequent taxes on pain of forfeiture of all rights to any subsequent purchaser who must redeem the prior certificates, with a proviso excepting counties or municipalities, a county need not redeem from prior certificates or liens, holders of which lose all lien rights by failing to pay subsequent taxes.

SAME—TAX LIENS—PRIORITY.  As the latest tax lien is superior to liens prior in time, so far as the taxing body is concerned, a county foreclosure for one year only wipes out all prior delinquent taxes.

SAME—TAX LIENS—FORECLOSURE—NOTICE.  Upon a county tax foreclosure, no personal service is required, where notice of publication is given in the manner required by Rem. & Bal. Code, § 9257, providing for notice "exclusively by publication in one general notice, describing the property the same as described on the tax rolls."

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered April 12, 1915, upon findings in favor of the plaintiff, in an action to foreclose tax certificates.   Affirmed.

*Black & Black*, for appellant.

*W. P. Brown* and *Loomis Baldrey*, for respondent.

HOLCOMB, J.—Whatcom county instituted a general suit to foreclose liens for taxes on real property for the year

[1]Reported in 155 Pac. 1071.

1906, the liens being evidenced by certificates of delinquency issued by the county treasurer to it.

The case was entitled as above, except that appellant's name did not appear therein, nor in the summons, and the body of the summons described the numerous parcels of property separately as the same are described on the tax rolls, and contained the names of the owners thereof as they appeared on the rolls of the county treasurer's office.

The summons was served by publication only, in the manner and for the time required by law. Appellant is the holder by assignment of prior certificates of delinquency issued for taxes assessed against some of the property involved for the year 1902, and upon which he or his predecessors in interest paid taxes for the years 1903, 1904, and 1905, but suffered taxes for subsequent years, namely, 1906 and all years thereafter, to become delinquent. Certificates of delinquency for the subsequent years were accordingly issued to the county.

The county had judgment. No person appeared in the action save appellant, who first appeared specially and objected to the jurisdiction of the court over his person or the property against which he held tax liens as above mentioned, on the grounds (1) that no personal service of summons had been had against him, and (2) that the published summons failed to state the amount of taxes paid for prior or subsequent years.

The objections to the jurisdiction were overruled and appellant, reserving all rights under his special appearance, answered, setting forth substantially the same facts, and further, that, at the time of the bringing and still, certain suits on his behalf were and are pending in the same court for the foreclosure of the certificates of delinquency issued for the year 1902 and subsequent taxes, to and including 1905, and subsequently but before the institution of this action assigned by the holder to this appellant; that his delinquency certificates constitute prior and superior liens

against the properties involved herein; that none of the liens so held by appellant have been paid, and that at all times he was and is a resident of Whatcom county, Washington.

I.    The first question raised by appellant is: "Can the county foreclose taxes for any one year without including in the action allegation covering, and a prayer asking for the foreclosure of, all taxes found to be due against the property in question, for all years for which taxes have not been paid?"

The rights of a holder of a certificate of delinquency are governed by this statutory provision (Rem. & Bal. Code, § 9262; P. C. 501 § 253):

"Every purchaser of a certificate of delinquency shall before applying for judgment, pay all taxes that have accrued on the property included in said certificate since the issuance of said certificate or any prior taxes that may remain due and unpaid on said property, and any purchaser of delinquent certificates that shall suffer a subsequent tax to become delinquent and a subsequent certificate of delinquency to issue on the same property included in his certificate, such first purchaser shall forfeit his rights thereunder to the subsequent purchaser, and such subsequent purchaser shall at the time of obtaining his certificate redeem said first certificate of delinquency outstanding by depositing with the county treasurer the amount of said first certificate with interest thereon to the date of said redemption and the amount so paid in redemption shall become a part of said subsequent certificate of delinquency and draw interest at the rate of fifteen per cent per annum from the date of payment. Said holder of a certificate of delinquency permitting a subsequent certificate to issue on the same property shall, on notice from the county treasurer, surrender said certificate of delinquency on payment to him of the redemption money paid by the subsequent purchaser: Provided, that this section shall not apply to counties or municipalities."

By this, if the holder of a certificate of delinquency allows subsequent taxes to become delinquent, he "forfeits his rights thereunder to the subsequent purchaser," but the subsequent

purchaser (except the county or municipality), at the time of obtaining his certificate, shall redeem the first certificate of delinquency outstanding by depositing the amount of the first certificate with interest to date of redemption, etc., with the county treasurer. But "these provisions shall not apply to counties or municipalities." Consequently the county does not have to redeem from prior certificates or liens; and prior lien holders, the same as prior holders of mere private liens, by virtue of the statute lose all lien rights by failing to pay subsequent taxes.

Even the holder of the fee ultimately loses his title by failure to pay taxes during the statutory period and the foreclosure of the lien therefor. The purchaser of a tax lien from the county cannot be in a better position than the holder of the legal title. If the contention of appellant were correct, he could purchase a certificate of delinquency for a certain year, refuse to pay subsequent taxes, fail or delay to foreclose his certificate, and bar the state and county from collecting its revenues, unless the county repaid or redeemed the prior certificate of lien. Assuredly this is not the effect or the intent of the law, and its plain language precludes any such construction.

II. The second query of appellant is this: "If the county is entitled to foreclose for one year only, does the foreclosure of the junior wipe out the senior delinquent tax?" As to tax liens, their superiority is in inverse order to other liens, the latest lien in point of time under the statute, if for a valid tax defaulted, being superior to liens prior in time, at least in so far as the taxing body is concerned. 2 Cooley, Taxation (3d ed.), p. 875.

The only reimbursement by the county to the purchaser of a prior certificate of delinquency provided by law is where the tax lien evidenced by his certificate is avoided or annulled in whole or in part under Rem. & Bal. Code, §§ 9252, 9253 (P. C. 501 §§ 237, 237a). To adopt appellant's contention would be to estop the county from enforcing its lien

for taxes for the default of a prior holder who, under the statute (§ 9262), must himself be estopped. He must continue to pay or forfeit his rights under his tax lien. In no other way can government continue to enforce collection of its taxes.

III. Lastly, it is questioned whether the court has jurisdiction over appellant, for the reason that no personal service was had upon him. The statute, Rem. & Bal. Code, § 9257 (P. C. 501 § 241), provides that, when tax liens are foreclosed by and in the name of the county, "the summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls." That was done in this case, the statute being fully and literally complied with, and we have held that such service, the proceeding being purely one *in rem*, is sufficient. *Tacoma Gas & Elec. Light Co. v. Pauley*, 49 Wash. 562, 95 Pac. 1103; *Noble v. Aune*, 50 Wash. 73, 96 Pac. 688. No personal service of summons in the tax certificate foreclosure by the county is necessary where the statute providing for publication of summons is followed.

Decree is affirmed.

MORRIS, C. J., PARKER, MAIN, and BAUSMAN, JJ., concur.