Johnny Lee HARRIS, Appellant,

v.

Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Appellee.

No. 25457.

United States Court of Appeals
Fifth Circuit.

May 22, 1968.

Rehearing Denied Nov. 18, 1968.

Johnny Lee Harris, pro se.

Earl Faircloth, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

PER CURIAM:

Appellant, a Florida convict presently serving three sentences for breaking and entering a dwelling with intent to commit larceny and one for assault with intent to commit manslaughter, has launched a habeas corpus attack upon these several convictions. The district court summarily denied the petition.

Since no return was required of the respondent and no evidentiary hearing was held in the district court, appellant's allegations must be accepted as true for purposes of this appeal. Massey v. Moore, 1954, 348 U.S. 105, 108, 75 S.Ct. 145, 99 L.Ed. 135. The most substantive of appellant's allegations was that he was not sane at the time he committed the offense and at the time of trial. No pre-trial hearing was held or motion for examination made, although appellant apparently had a past record of commitment for mental illness.

This question was raised before the state court in appellant's post-conviction

attack on his confinement. Appellant was not produced at that hearing nor was he represented by counsel. A representative of the State was present. The state court held only that the defendant "was represented in this cause by able counsel" (referring to the proceedings leading to the conviction), and the matter alleged, even if true, did not render his conviction illegal. State of Florida v. Harris, No. 59–543 (A–74) in the Court of Record of Escambia County, Florida. The district court cited this ruling as to competent counsel at the time of trial and further held "that the alleged constitutional deprivation simply does not exist", without any elaboration. It also agreed that it was not necessary for appellant to have been present at the state post-conviction hearing.

 We hold that the Court below erred in accepting these conclusions of the state court as correct due to the fact that Harris did not receive a full, fair and adequate hearing in the collateral state court proceeding on the issues of whether the evidence presented to the state trial judge was sufficient to raise a "bona fide doubt" as to the defendant's competence to stand trial (so as to require a full sanity hearing pursuant to Section 917.01 of the Florida Statutes Annotated) and whether Harris was deprived of effective assistance of counsel at trial. 28 U.S.C.A. § 2254(d) (5) and (6); Pate v. Robinson, 1966, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; Greer v. Beto, 5 Cir. 1967, 379 F.2d 923; cf. Tyler v. Beto, 5 Cir. 1968, 391 F.2d 993.

Appellant's allegations regarding his competency to stand trial in 1959 raised a federal question regarding the validity of his conviction. The District Court should re-examine the case to determine whether there is a genuine issue as to appellant's sanity at the time of the offense and at the time of trial. It it finds such an issue, it should hold a hearing to develop the facts so far as they may be established at this time, and thereafter proceed in accord with the decision in Lee v. State of Alabama, 386 F.2d 97 (5th Cir., 1967). If it finds no genuine issue was presented by appellant's allegations, then the case should be dismissed.

The case is remanded to the District Court for determinations consistent with this opinion. In view of the possibility that appellant was incompetent at the time of trial and may still be, the District Court might well exercise its discretion to appoint counsel for appellant before any further proceedings are held.

Reversed and remanded.