Leo F. KREILING, Appellant,

v.

H. V. FIELD, Appellee.

No. 23592.

United States Court of Appeals,
Ninth Circuit.

Sept. 14, 1970.

Rehearing Denied Oct. 14, 1970.

M. Van Smith (argued), Santa Clara, Cal., for appellant.

Mark Leicestor (argued), Deputy Atty. Gen., Stanton Price, Larry Ball, Deputy Attys. Gen., Thomas C. Lynch, Atty. Gen., Wm. E. James, Asst. Atty. Gen., Los Angeles, Cal., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and SMITH *, District Judge.

PER CURIAM:

Appellant, who conducted his own defense, and was convicted by a California state jury of two counts of obstructing telephones (Cal.Penal Code, § 591) and one count of burglary (Cal.Penal Code, § 459), appeals from an order of the district court denying a petition for a writ of habeas corpus. Appellant claims that he did not intelligently waive counsel.

Counsel was appointed for appellant and he appeared at the preliminary hearing and at the arraignment. On the day set for trial appellant expressed his dissatisfaction with his attorney. At any time he might have had the services of the attorney originally appointed. The Court however would not appoint a substitute and defendant, against the advice of two judges, deliberately chose to represent himself, although as he stated "I don't think I have the intelligence to represent myself."

---

* Hon. Russell E. Smith, Chief United States District Judge, District of Montana, sitting by designation.

Now it is asserted that his waiver was not intelligent. Defendant knew that he had a right to a lawyer; he was emphatically warned not to be his own counsel;[1] he was aware of the fact that he was charged with three felonies and that a conviction could result in long term imprisonment. He was furnished copies of the information and transcript of the preliminary hearing. Appellant was not legally trained but the record shows that he understood what charges were being made against him.

Under the rule announced in Hodge v. United States, 414 F.2d 1040 (9 Cir. 1969), the waiver was intelligently made.[2]

An evidentiary hearing was not required. The facts here recited appear in the record. No contention is made that the record is not factually accurate. It is contended that the record does not show the facts required before there can be an effective waiver of counsel under the doctrine of Von Moltke v. Gillie, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). Were the *Von Moltke* case controlling a reversal would be required. The rule of that case however, which involved a guilty plea, is not applicable to a case where there has been a trial on the merits. The undisputed facts in the record do disclose a compliance with the applicable rule which was announced in *Hodge, supra.* See, Jackson v. California, 336 F.2d 521 (9 Cir. 1964); Yeaman v. United States, 326 F.2d 293 (9 Cir. 1963).

Appellant contends that an attorney should have been appointed to prosecute his petition for a writ in the district court. An indigent state prisoner applying to a federal court for habeas corpus is not entitled to an appointed attorney unless the particular circumstances indicate that it is necessary to obtain due process. Eskridge v. Rhay, 345 F.2d 778 (9 Cir. 1965), cert. den. 382 U.S. 996, 86 S.Ct. 582, 15 L.Ed.2d 483. No such circumstances appear here.

The order denying a writ of habeas corpus is affirmed.

---

1. On July 28, 1964 one Judge said to defendant:

"THE COURT: Mr. Salter has been practicing law a good many years and, in my opinion, is a very competent trial lawyer and criminal lawyer.

You will make a mistake by, at this stage of the proceedings, substituting yourself in, and there isn't anyone that can take this case over at the moment."

And again:

"THE COURT. You are making a serious mistake at this stage of the proceedings.

THE DEFENDANT: I will take your advice.

THE COURT: You do whatever you want about it. If you want to represent yourself, you are permitted to do so."

On August 17, 1964 another judge said to the defendant:

"THE COURT: However, I suggest to you between now and October 5th that you secure counsel."

And again:

"THE COURT: And you will be well-represented by them, if you take the Public Defender, and you certainly should not attempt to try your own case.

THE DEFENDANT: I realize this, your Honor.

THE COURT: You are just sticking your neck out, to use the vernacular."

2. "The question before the judge was not whether the defendant was professionally capable of acting as his own lawyer. Few defendants are, and the right of self-representation is not so conditioned. The question was simply whether the defendant understood the charges against him and was fully aware of the fact that he would be on his own in a complex area where experience and professional training are greatly to be desired." Hodge v. United States, 414 F.2d 1040, at p. 1043.