Donald B. **BARTLEY**, Petitioner-
Appellee,

v.

**COMMONWEALTH OF KENTUCKY**,
Respondent-Appellant.

No. 71–1807.

United States Court of Appeals,
Sixth Circuit.

June 21, 1972.

Sidney C. Lieberman, Cincinnati, Ohio
(Court appointed), for petitioner-appellee.

Laura L. Murrell, Frankfort, Ky., for respondent-appellant, John B. Breckinridge, Atty. Gen. of Kentucky, Frankfort, Ky., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and THOMAS,* District Judge.

PER CURIAM.

The Commonwealth of Kentucky has appealed from an Order of a District Court granting a writ of habeas corpus unless a retrial is granted to petitioner on his conviction and life sentence for murdering his nine-year-old son on March 16, 1966. Petitioner did not appeal from the judgment of conviction.

The sole issue raised on appeal is that the trial court did not advise petitioner of his right to appeal in *forma pauperis*. At his trial, petitioner was represented by retained counsel. No application for leave to appeal in *forma pauperis* was ever made in the Pike County Circuit Court where he was convicted.

Petitioner did however, file in that court a Motion to vacate judgment under Kentucky's post-conviction court rule, R.Cr. 11.42 which was denied. He then appealed therefrom to Kentucky's highest court relying on six alleged errors. The Court affirmed the judgment in a written opinion in which all of the alleged errors were considered and discussed and found to be without merit. Bartley v. Commonwealth of Kentucky, 463 S.W.2d 321 (1971).

In discussing the issue concerning the failure of petitioner's paid counsel to appeal, the Court said:

"Failure of paid counsel to perfect an appeal does not constitute a ground to vacate the judgment under Kentucky law. Howard v. Commonwealth, Ky., 446 S.W.2d 293. Appellant's conten-

* Hon. William K. Thomas, United States District Judge for the Northern District of Ohio, sitting by designation.

tion that the trial judge failed to inform him of his right to appeal is without merit because appellant's allegation that he asked his paid counsel to appeal shows that he was fully aware of his right of appeal."

The District Court in its Memorandum Opinion, quoted a part of R.Cr. 11.-02(2) which relates to sentencing procedures in the Commonwealth's courts, but the Court of Appeals of Kentucky, which is best qualified to pass upon the Kentucky rules of court, did not find any violation of R.Cr. 11.02(2) or of any other rule in its opinion in *Bartley*. The rule is not even mentioned in its opinion. In any event, we would question that the failure to comply with a rule of a state court violates the federal Constitution. The District Court did not hold that the Constitution was violated by the failure to comply with this rule of court.

In opposition to the application for a writ of habeas corpus, the Commonwealth submitted the affidavit of Fred B. Redwine, an attorney at law.

It appears from the affidavit that after his conviction, Bartley did discuss with his attorneys the probability of an appeal. Bartley therefore knew of his right of appeal and did not need to be advised of it by the Court. It further appears that Bartley's parents had paid the attorneys for their services rendered in the trial court by execution and delivery to them of a promissory note secured by mortgage on the parents' home, in the amount of $1,500. The note and the mortgage were later paid in full by the parents. The parents were willing to increase the mortgage to cover the cost and expense of the appeal and the attorneys agreed thereto. After thinking it over for a day, Bartley advised his attorneys that he did not desire to appeal but preferred to accept his sentence. The affidavit further states: "The problem of money was not present and never arose".

The facts as set forth in the foregoing affidavit are undisputed by petitioner.

The petitioner principally relies on the following authorities: Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 (1963), involved the refusal of the state court to appoint counsel for an indigent on his direct appeal. In Goodwin v. Cardwell, 432 F.2d 521 (6 Cir. 1970), a divided panel held that the right of the defendant to the effective assistance of counsel was denied him when his retained counsel did not advise him of his right to appeal. The Court followed the majority opinion in United States ex rel. Smith v. McMann, 417 F. 2d 648 (2 Cir. en banc 1969), cert. den. 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970).

On the present record and in the absence of an evidentiary hearing by the district judge, there is no factual basis on which he was entitled to find that the petitioner was an indigent defendant. However, assuming that the record justified such a finding of indigency, the undisputed facts set forth in the affidavit of Attorney Redwine, one of petitioner's state court counsel, require the conclusion that petitioner knowingly and voluntarily waived and relinquished his right to appeal. This is true even though he knew that his parents could and would have financed his appeal.

The record indicates that it is impossible to obtain a transcript of the state court sentencing hearing. Thus it is not known what, if anything, the trial judge stated to the petitioner with reference to his right to appeal. However, under the undisputed circumstances disclosed in the affidavit of Attorney Redwine, including the fact that petitioner was informed of the willingness of his parents to finance an appeal, *Douglas*, *Goodwin*, and *United States ex rel. Smith*, *supra*, are determined to be inapplicable. The duty of a trial court to notify an indigent defendant of his right to appeal at state expense is determined to be immaterial and unnecessary in view of the undisputed circumstances disclosed by the record in this case.

We find no constitutional violation in this case.

The judgment of the District Court is reversed.