Rudy R. ESQUIVEL,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 74–2785.

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1978.

Rehearing Denied Oct. 30, 1978.

Rudy R. Esquivel, pro se.

William C. Denton, Houston, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., John Pierce Griffin, Asst. Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., Joe B. Dibrell, Richard Arnett, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, GOLDBERG and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

Defendant-petitioner Rudy Esquivel appeals from the district court's denial of his habeas corpus petition. Esquivel sought habeas corpus claiming that after his 1953 rape conviction he was not represented by counsel at the sentencing phase of his trial and that he was not fully informed of his right to appeal.[1] The district court adopted the state court's factual findings. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Lavalle v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); 28 U.S.C. § 2254. It found that Esquivel's counsel was present during sentencing and that under *Daniels v. Alabama*, 487 F.2d 887 (5 Cir. 1973), Esquivel had been adequately informed of his right to appeal because the state trial judge told him that he could appeal his case. We find no merit in Esquivel's contentions and affirm the district court.

A finding that an attorney was present is a specific historical fact. The district court was bound to accept the state court's finding that Esquivel's counsel was present at the sentencing phase unless the record showed that there was an inadequate basis for that finding. *Trahan v. Estelle*,

1. Esquivel was represented at his state trial by an appointed attorney who is now dead. No appeal was taken. Twenty years later Esquivel sought state habeas relief. The state court originally denied the petition without a hearing. The Texas Court of Criminal Appeals remanded the case to the state district court for a hearing. After the state court had made specific factual findings, the Texas Court of Criminal Appeals denied Esquivel's petition without an opinion.

544 F.2d 1305, 1315 (5 Cir. 1977) (Goldberg, J., specially concurring). *See also* 28 U.S.C. § 2254(d)(8). The state habeas court heard both Esquivel's testimony and that of two former district attorneys. One of the district attorneys did not remember whether the defense attorney was present. The other assistant district attorney, Mr. Cahoon, testified that Esquivel's attorney was present. Cahoon also gave evidence that in potential capital cases, such as Esquivel's, there was an established practice in Harris County of having the defense attorney present at the sentencing. The federal habeas court, with due regard for the seriousness of the petitioner's contentions, made an effort to uncover old newspaper reports that might have shown whether the defense attorney was present at the sentencing. None were available. The legal destruction of the state court records proved another impediment to resolution of this issue. The state habeas court gave the petitioner a full opportunity to present his claim. On the record before us we cannot say that there was any inadequacy underlying the state court's determination that counsel was present or in the district court's adoption of that factual finding.

We also reject Esquivel's argument that he was not adequately informed of his appeal rights. This court recently held in *Bonds v. Wainwright*, 5 Cir. 1978, 579 F.2d 317, that the standard announced in *Lumpkin v. Smith*, 439 F.2d 1084 (5 Cir. 1971), which spelled out the information that must be imparted to an indigent defendant by an appointed counsel does not apply retroactively. Rather we review convictions prior to *Lumpkin's* finality under the then prevailing standard. *Bonds, supra* 579 F.2d at 321.[2] The standard prevailing at the time of Esquivel's conviction required that an appointed attorney tell his client that the client had a right to appeal. *Bonds, supra* at 320. It did not require more. The district court found that the state trial judge told Esquivel that he had a right to appeal. Although the state trial court was not required to so inform Esquivel, *Loter v. Es-*

*telle*, 546 F.2d 151 (5 Cir. 1977), we think that the information it gave him is sufficient to bar habeas relief. We have previously held that a defendant who takes a state coram nobis writ, which is treated as a statutory appeal, may not claim a sixth amendment deprivation because his counsel did not tell him that he had a right to appeal. *Haggard v. Alabama*, 550 F.2d 1019 (5 Cir. 1977). The fact that the state trial court informed Esquivel of his right to appeal reduces the default, if any, of his appointed counsel to harmless error. We affirm the district court's denial of habeas corpus.

AFFIRMED.

---

2. *Lumpkin* thus applies only to convictions final after March 17, 1971.