**Roy HUFF, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT et al.,**
**Respondents-Appellees.**

No. 78–2223
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1978.

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Roy Huff, pro se.

Robert L. Shevin, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, Fla., for respondents-appellees.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

On March 14, 1975, pursuant to a judgment of guilty of robbery, appellant, a state prisoner, was sentenced to twenty-five years imprisonment. On October 20, 1975, appellant brought a motion in state court for trial transcripts and other documents. This motion was denied. In 1977, appellant brought a motion before the District Court of Appeal, First District, State of Florida, to file a belated appeal. This, too, was denied.

Appellant then filed a pro se habeas petition before the United States District Court for the Northern District of Florida, asserting that he was denied his right to file a direct appeal because his court-appointed attorney failed to perfect his appeal. The district court denied habeas relief without an evidentiary hearing. Basing its ruling on the affidavit of the attorney who represented appellant at trial, the district court concluded that appellant had knowledge of his right to appeal and failed to notify his court-appointed counsel of his wish to exercise that right.

This appeal followed. Swayed by the possibility of an unfortunate misunderstanding resulting in deprivation of appellant's right of appeal, this Court granted a Certificate of Probable Cause. Upon examination of the pleadings of this case, however, we affirm the district court's denial of habeas relief.

After sentencing for the robbery conviction, the court advised appellant of his right to appeal. The court appointed Issac B. Koran, Esquire, as appellant's counsel. Mr. Koran and petitioner discussed the possibility of appealing the conviction. By affidavit, Mr. Koran states that he was later advised that a private attorney, Mr. Wilson, had been retained and that Mr. Wilson would decide whether or not to appeal petitioner's conviction. Appellant, on the other hand, states that Wilson was employed to handle matters not related to the robbery conviction. It is this misunderstanding, petitioner asserts, which led to Koran's failure to perfect appellant's appeal.

This argument must fail, however, as nothing advanced by petitioner indicates that he ever notified Mr. Koran, Mr. Wilson or any state official of his desire to take an appeal. As petitioner had knowledge of his right to appeal and failed to make known his wish to exercise that right, he will not now be heard to assert that he was denied his right to file a direct appeal. *Loter v. Estelle,* 546 F.2d 151 (5th Cir. 1977).

Accordingly, the district court's denial of habeas relief is Affirmed.

AFFIRMED.