**Arthur Lee NORRIS, Plaintiff-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.**

**No. 77–2725.**

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1979.

Arthur Lee Norris, pro se, Franklyn Louderback and Robert O. Bauer, Jr. (Court-appointed), Garold L. Morlan, St. Petersburg, Fla., for plaintiff-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for defendant-appellee.

Before WISDOM, THORNBERRY and RUBIN, Circuit Judges.

THORNBERRY, Circuit Judge:

This is a habeas corpus case. The petitioner was convicted in state court of murder. He did not appeal. He later filed a petition in Florida state court seeking an out of time appeal because his attorney failed to initiate an appeal pursuant to Norris' instructions. The Florida court directed that a hearing be held to determine the petitioner's claim. At the hearing, the petitioner's trial attorney unequivocally testified that he told the petitioner about his right to an appeal and suggested that the petitioner appeal. The attorney also testi-fied that the petitioner told him not to appeal. The attorney's law clerk testified that Norris had not requested an appeal be taken for him. Moreover, the court reporter present at sentencing testified that his notes reflected that the trial judge informed Norris that he had thirty days to appeal and that if he did not have any money to hire an attorney one would be supplied to him by the state. The petitioner testified that he had asked his attorney to seek an appeal, but his lawyer had told him his appeal was doomed to failure. Norris was not represented by counsel at the state proceeding. Based on this testimony, the state court denied Norris an out of time appeal. *Norris v. Wainwright,* 331 So.2d 396 (2 Dist.Ct.App.Fla.1976).

The petitioner then filed this action in the United States district court. The district court, after a review of the state court proceedings, denied relief without an evidentiary hearing pursuant to *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) and 28 U.S.C. § 2254.

I.

*Need for a new evidentiary hearing.*

Although there is no constitutional right to an appointed counsel at a state habeas corpus action, *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Vandenades v. United States,* 523 F.2d 1220, 1225 (5 Cir. 1975); *Ardister v. Hopper,* 500 F.2d 229, 233 (5 Cir. 1974); *Stanley v. Wainwright,* 406 F.2d 8, 10 (5 Cir. 1969); *Queor v. Lee,* 382 F.2d 1017, 1018 (5 Cir. 1967), the petitioner argues that the lack of an attorney at the state proceeding automatically vitiates the respect due to a state proceeding under *Townsend v. Sain,* *supra,* and 28 U.S.C. § 2254(d).[1] Therefore,

---

1. 28 U.S.C. § 2254(d) states:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

Norris contends that the district court erred in not granting a new evidentiary hearing.

In support of his argument, Norris points to two sections of § 2254(d). First, Norris claims under § 2254(d)(5) the United States district court was required to hold a new evidentiary hearing because he was an indigent and the state court in deprivation of his constitutional rights failed to appoint counsel to represent him in the state court proceeding. Second, Norris claims that under § 2254(d)(6), the district court is required to hold another evidentiary hearing because he did not receive a full, fair, and adequate hearing in the state court proceeding.

■ The petitioner argues that, since § 2254(d)(5) requires a new hearing if the state in deprivation of the constitutional rights of the petitioner failed to appoint an attorney, there must necessarily be a constitutional right to an attorney in the state proceeding. Because we have determined that there is no such general right, this section does not require the district court to afford a new evidentiary hearing in every case that the petitioner did not have an attorney in the state proceeding. This court has upheld the failure to grant a new evidentiary hearing in a number of cases in which the petitioner did not have the aid of an attorney in the state proceeding. *See, e. g., Farmer v. Caldwell,* 476 F.2d 22, 23 (5 Cir. 1973); *Williams v. Smith,* 434 F.2d 592, 594 (5 Cir. 1970); *Ardister v. Smith,* 433 F.2d 931 (5 Cir. 1970).

■ The petitioner's second argument calls for a different examination. We can easily imagine a case in which the absence of an attorney in the state proceeding would result in a concomitant lack of a full and fair hearing. Under these circumstances it would be incumbent on the federal district court to hold a new evidentiary hearing. However, there is no *per se* rule that the lack of counsel at the state habeas corpus hearing requires a *de novo* evidentiary hearing in federal court. The test under § 2254(d)(6) is whether the lack of counsel in the state proceeding results in the lack of fundamental fairness. *See, e. g., Ardister v. Hopper,* 500 F.2d 229, 233 (5 Cir. 1974); *Wesley v. Alabama,* 488 F.2d 30 (5 Cir. 1974); *Lane v. Henderson,* 480 F.2d 544, 545 (5 Cir. 1973). *See generally Gibson v. Jackson,* 578 F.2d 1045, 1052 (5 Cir. 1978), Addendum of Judge Rubin, § 1.

■ In a habeas corpus action in federal court there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process. *Hopkins v. Anderson,* 507 F.2d 530, 533 (10 Cir. 1975); *Kreiling v. Field,* 431 F.2d 638, 640 (9 Cir. 1970). It would be a curious result to require a new evidentiary hearing in federal court in each instance in which the petitioner was not represented by counsel at the

---

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

state court proceeding and simultaneously not require the appointment of counsel in the resulting federal proceeding. No more is required in the state court than is required in the federal court. In both courts, fundamental fairness is the test.

In the state court proceeding Norris claimed that his trial attorney was constitutionally ineffective because the attorney did not take a direct appeal pursuant to Norris' direction. Norris' contentions are similar to the ones advanced in *Edge v. Wainwright,* 347 F.2d 190 (5 Cir. 1965), *cert. denied,* 385 U.S. 953, 87 S.Ct. 335, 17 L.Ed.2d 231 (1966). In *Edge* the petitioner alleged that he had informed his attorney and the trial judge of his desire to take an appeal, but both had refused to help him prosecute an appeal. We held that if this allegation were found to be true, the petitioner was entitled to habeas corpus relief. 347 F.2d at 192. In the instant case, Norris would be entitled to relief if he could show that his attorney disregarded his instructions to appeal. *Flanagan v. Henderson,* 496 F.2d 1274, 1277 (5 Cir. 1974). Therefore, the sole issue at the state proceeding was whether the trial attorney disregarded Norris' instructions to take an appeal. *See also Benoit v. Wingo,* 423 F.2d 880, 883 (6 Cir. 1970); *United States v. Maroney,* 423 F.2d 865, 871 (3 Cir. 1970).

■ Given this limited inquiry, we do not think that the state proceeding was fundamentally unfair because Norris lacked an attorney. Norris was present at the state proceeding and fully testified as to his version of the facts. *See Harris v. Wainwright,* 399 F.2d 142 (5 Cir. 1968) (state hearing in which petitioner was not present not entitled to § 2254 respect). In opposition to his testimony, Norris' trial attorney testified that Norris had specifically told him not to appeal his conviction. The attorney's testimony was bolstered by the attorney's former law clerk who testified that Norris had not, in his presence, asked to appeal his case. Finally, the court reporter

testified that his records reflected that Norris had been informed of his appellate rights by the trial judge. Our independent review of the state record convinces us that the state proceeding was fundamentally fair and the findings of fact adopted by the federal district court were supported by the record. Norris' argument that an attorney would have been able, either by incisive cross-examination or by surprise evidence, to expose the witnesses against him as conspiratorial liars is simply too speculative in face of the state court record.

We, therefore, hold that the district court was not required by *Townsend v. Sain, supra,* or by § 2254(d) to grant a new evidentiary hearing. *See Clayton v. Blackburn,* 578 F.2d 117 (5 Cir. 1978).

## II.

*The legal standard.*

■ Although bound by the findings of historical fact, we are not bound by state court determinations of either law or mixed questions of law and fact. *Mason v. Balcom,* 531 F.2d 717 (5 Cir. 1976); *Lee v. Hopper,* 499 F.2d 456, 462 (5 Cir. 1974); *Davis v. Heyd,* 479 F.2d 446, 450 (5 Cir. 1973). Our inquiry now becomes a question of the appropriate legal standard to apply to the facts of the instant case.

■ As our recent *en banc* decision in *Bonds v. Wainwright,* 579 F.2d 317 (5 Cir. 1978) (en banc), demonstrates, relief under an ineffective assistance of counsel theory with regard to appellate rights involves a variation of two themes. First, a petitioner is entitled to relief under *Edge v. Wainwright, supra,* if he directed his attorney to take an appeal and his attorney disregarded those instructions. Second, a petitioner is entitled to relief [2] if he can demonstrate that his court appointed attorney failed to properly inform him of his appellate rights in accordance with *Lumpkin v. Smith,* 439 F.2d 1084, 1085 (5 Cir. 1971). According to the *en banc* court, the standard in *Edge*

---

2. The petitioner is entitled to relief if his conviction is final after March 17, 1971, the date of *Lumpkin v. Smith,* 439 F.2d 1084 (5 Cir. 1971).

*See Bonds v. Wainwright,* 579 F.2d 320 (5 Cir. 1978) (en banc). Here Norris' conviction was final on September 8, 1975.

"differs considerably from that in *Lumpkin* . . . ." 579 F.2d at 320. This is because *Lumpkin* requires that the defendant be specifically informed of his appellate rights, while *Edge* admits the possibility that a defendant might fully know of his appellate rights and yet be unable to effectuate them.

Given the two standards, we will review Norris' claim under both theories.

### A. *Lumpkin v. Smith.*

In *Lumpkin,* we stated:

. . . . .

an indigent accused is denied effective assistance of counsel at a critical stage of the criminal process when his court-appointed attorney fails to advise him of his right to appeal, the procedure and time limits involved, and of his right to appointed counsel on appeal.

439 F.2d at 1085.

■ The testimony of the court reporter specifically reveals that the trial judge informed Norris of his appellate rights. We need not determine if the trial attorney informed Norris of the complete *Lumpkin* litany since it is plain that the trial judge did so. We have held that this action by the trial judge is sufficient under *Lumpkin. Esquivel v. Estelle,* 580 F.2d 814, 815 (5 Cir. 1978). Indeed, we are of the opinion that it is a useful practice for the trial judge to always inform a convicted defendant of his appellate rights. *See United States ex rel. Smith v. McMann,* 417 F.2d 648 (2 Cir. 1969) (en banc), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970).)

### B. *Edge v. Wainwright.*

■ The state court found, and the federal district court accepted as a statement of historical fact, that Norris did not direct his attorney to appeal and the attorney did not fail to follow Norris' directions. Since this finding does not result from a defective state proceeding and is not clearly erroneous, the district court was correct in holding that the state findings preclude relief.

### C. *Waiver theory.*

Without fully developing the argument, Norris seems to contend that even assuming that he was informed of his appellate rights and even assuming he did not direct his attorney to enter an appeal, the record does not support the conclusion that Norris waived his right to appeal. In other words, Norris contends that his decision not to appeal was not a knowing and voluntary one and he did not fully appreciate the meaning of the information given to him by the trial judge and by his attorney. In support of this argument, Norris points to the following testimony of his trial attorney:

MR. WALLER: Your Honor, this is not in response to any question, so if I'm out of order—if I may give my own personal opinion. The Court realizes that I'm not a doctor and the Court knows one of my defenses in this case was that of insanity and, in all fairness, I cannot say whether or not Mr. Norris really understood and appreciated the importance of those conversations. Obviously the jury did not believe the defense of insanity, but in all fairness I believe there was a real question, even at that time, right after the trial in my mind.

Norris has not cited, nor has our independent research revealed, a Fifth Circuit case that requires an appointed attorney to give the *Lumpkin* litany and also ensure that the defendant knowingly and intelligently waive his appellate rights. Some Fifth Circuit cases have spoken in waiver terms but in each case, the appellant either was not informed of his appellate rights, *Arrastia v. United States,* 455 F.2d 736 (5 Cir. 1972), or an appeal was not entered despite the defendant's clear desire that one be taken. *McKinney v. United States,* 403 F.2d 57 (5 Cir. 1968). In *Bonds v. Wainwright,* 564 F.2d 1125, 1132 (5 Cir. 1978), *vacated,* 579 F.2d 317 (en banc), the court apparently adopted a requirement similar to the one suggested by the petitioner. The court stated:

But such waiver should be no more readily found by the courts than any other

waiver of the right to counsel. Hence waiver must be an intelligent, understanding, and voluntary decision. A valid waiver of the right to effective assistance of counsel therefore would have to be preceded by an explanation to the client of what he was waiving. This explanation should make clear to the client the significance of what he is waiving and the risks he runs.

In a dissenting opinion Judge Tjoflat responded:

> In my view, the proposition that one cannot be held to have foregone the right to appeal unless he makes an "intelligent, understanding and voluntary" waiver of the right is not one which logically stems from the sixth amendment right to the effective assistance of counsel. . . . While the waiver device might appear to be salutary as a further safeguard to a defendant's right to appeal, I submit that

it is unnecessary. As I have pointed out, the law already requires that a defendant be timely advised of his right to appeal and, if he requests an appeal, that the state afford him competent counsel. In the event he does not receive either of these, he is entitled to relief in the form of a belated appeal or, if a trial transcript is unavailable, a retrial or release. To me, this is all the constitution demands.

564 F.2d at 1133, 1135.

■ Later, the court sitting *en banc* vacated the panel opinion without reaching the waiver issue. The issue now recurs. Since the *en banc* court vacated the *Bonds* panel opinion, we believe that an independent review is necessary to determine whether waiver analysis is appropriate in this context. While some circuits have spoken in waiver terms when addressing the decision whether to appeal,[3] no circuit has failed to find waiver when the petitioner

---

3. *Second Circuit*: *United States ex rel. Williams v. LaValle,* 487 F.2d 1006, 1014 n.17 (2 Cir. 1973). (Without deciding the question, the Second Circuit suggested that waiver analysis was appropriate.)
*Third Circuit*: *United States ex rel. O'Brien v. Maroney,* 423 F.2d 865, 867–872 (3 Cir. 1970). (The appellant agreed with and acquiesced in his counsel's decision not to file an appeal. The appellant had knowledge of his appellate rights and participated in a discussion with his counsel about the possibility of appealing the conviction. On this record the Third Circuit found " 'relinquishment [and] abandonment of a known right' " *citing Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). *See also United States ex rel. Beard v. Rundle,* 434 F.2d 588 (3 Cir. 1970).)
*Fourth Circuit*: *Nelson v. Peyton,* 415 F.2d 1154, 1158 (4 Cir. 1969), *cert. denied,* 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970). (Petitioner was totally unaware of his appellate rights, *see Lumpkin v. Smith, supra.* Fourth Circuit also found that since the petitioner did not know of his appellate rights he also did not waive his right to appeal. Subsequent Fourth Circuit cases do not turn on the waiver analysis. *See, e. g., Shiflett v. Commonwealth of Virginia,* 433 F.2d 124 (1970), *reversed,* 447 F.2d 50 (4 Cir. 1971) (en banc), *cert. denied,* 405 U.S. 994, 92 S.Ct. 1267, 31 L.Ed.2d 462 (1972); *Patterson v. Leeke,* 556 F.2d 1168 (4 Cir. 1977); *Willey v. Coiner,* 464 F.2d 525, 526 (4 Cir. 1972); *Walters v. Harris,* 460 F.2d 988, 990 (4 Cir. 1972).)
*Sixth Circuit*: *Bartley v. Commonwealth of Kentucky,* 462 F.2d 610, 611 (6 Cir. 1972), *cert. denied,* 409 U.S. 1062, 93 S.Ct. 570, 34 L.Ed.2d 515 (1972). (The Sixth Circuit stated without discussing whether waiver analysis is appropriate, "[T]he undisputed facts set forth in the affidavit of Attorney Redwine, one of petitioner's state court counsel, require the conclusion that petitioner knowingly and voluntarily waived and relinquished his right to appeal.")
*Eighth Circuit*: *Catches v. United States,* 582 F.2d 453, 458. (The court adopted waiver language but stated, "A Pandora's box of post-conviction litigation would be opened, if we were to accept appellant's suggestion that the accused's state of mind be the controlling factor. The district court's finding that appellant's waiver was an informed one, based upon the totality of circumstances, is not clearly erroneous."
*Tenth Circuit*: *Hines v. Baker,* 422 F.2d 1002, 1004 (10 Cir. 1970). (The petitioner argued that he had not made an intelligent and knowing waiver of his right to appeal his state court conviction. The Tenth Circuit noted that the petitioner was aware of his rights and discussed appeal with his attorney. The court also noted that the petitioner could have been concerned with exposure to the death penalty if there were a retrial. On this record, the Tenth Circuit found waiver of the right to appeal. *See also Jackson v. Turner,* 442 F.2d 1303, 1307 (10 Cir. 1971).)
*See also Gilmore v. Utah,* 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976) (finding that Gary Gilmore had made a knowing and intelligent waiver of any federal rights he might have asserted after a trial court had convicted him).

actually knew of his appellate rights, and no circuit has inquired into the mental condition of the petitioner at the time he was told of his appellate rights. We therefore conclude that there is no requirement under either the sixth amendment or the fourteenth amendment that in addition to knowing his appellate rights, a defendant must also knowingly and intelligently make a decision not to appeal before it can be said that the defendant is not entitled to appellate review of a criminal conviction.

 Under the sixth amendment an indigent defendant is denied his right to effective assistance of counsel when an appointed attorney fails to inform him of his appellate rights in accordance with *Lumpkin v. Smith, supra.* When this court decided *Lumpkin* we were not concerned with protecting the right to appeal, but rather we were concerned with the standards for effective assistance of counsel. The right to appeal is not a component of the sixth amendment nor is it a constitutional right we seek to protect for its own sake. *Griffin v. Illinois,* 351 U.S. 12, 17, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Once an attorney has fulfilled his duty under *Lumpkin,* there is no further logical relationship between his client's rights under the sixth amendment and the client's decision not to appeal. A defendant's decision not to appeal cannot fairly be charged to his attorney as an obligation of the sixth amendment. A defendant properly informed of his appellate rights may not "let the matter rest," *Worts v. Dutton,* 395 F.2d 341, 344 (5 Cir. 1968), and then claim that he did not waive his right to appeal. *See Huff v. Wainwright,* 583 F.2d 744 (5 Cir. 1978).

Our result would be different if the right to appeal were an independent right found in the constitution [4] such as the right to be free from self-incrimination and the right to trial by jury. If appellate review of a criminal conviction were a right given by the constitution, we would not allow a defendant to be precluded from appellate review unless he knowingly and voluntarily waived such review. The distinction is readily apparent in the requirement that waiver be found before the taking of a guilty plea, *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or the admission of a confession, *Reck v. Pate,* 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961); *Young v. Wainwright,* 326 F.2d 255 (5 Cir. 1964).

 We therefore conclude that an attorney renders effective assistance of counsel with regard to the decision whether to appeal when he advises his client of his appellate rights, *Lumpkin v. Smith, supra,* and does not preempt his client's decision to appeal, *Edge v. Wainwright, supra.* We hold that neither the sixth amendment nor the fourteenth amendment requires that the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review.

AFFIRMED.

ALVIN B. RUBIN, Circuit Judge, concurring:

I add a few words with respect to Part II(c) of the opinion, concerning "waiver theory." Norris was found competent to stand trial and the jury found him sane at the time he committed the offense. He was properly advised of his appellate rights. Substantial evidence that his mental condition had changed after completion of the trial was presented neither to the state court nor to the habeas court. Therefore, the habeas court correctly denied relief.

My brethren observe, "[T]here is no requirement under either the sixth amendment or the fourteenth amendment that in addition to knowing his appellate rights, a defendant must also knowingly and intelligently make a decision not to appeal before it can be said that the defendant is not entitled to appellate review of a criminal

---

4. *Compare State v. Sweet,* 90 Wash. 282, 286, 581 P.2d 579, 581 (1978), in which the Supreme Court of Washington held that since the " 'right to appeal in all cases' " is a right guaranteed by the Washington Constitution, the state has the burden of demonstrating that a criminal defendant "waived" his right to appeal.

conviction." I concur fully in this statement.

However presented, as a claim of ineffective counsel or waiver, the issue would be more difficult if a defendant who was mentally competent at the time of trial became completely deranged within the time for appeal so that, for example, he could not even consult with his counsel. I have reservations whether he could be said to have acted knowingly and intelligently after he had ceased to be mentally capable, or that a lawyer who knew of the situation would be providing effective counsel if he failed either to appeal or take other appropriate action. Therefore I would postpone to another day judgment on whether such a defendant was denied a constitutional right if no appeal on his behalf was taken; and I would at this time intimate no opinion concerning the principles that would apply if such a change in a defendant's competency occurred after the trial had ended but before the time for appeal had elapsed. Assuming evidence of such a metamorphosis, the final decision might turn on what had happened in the interim with respect to such matters as his consultation with counsel, his actions before the loss of capacity and other relevant factors.