774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph D. Hill, Petitioner-Appellant,
v.
Arnold R. Jago, Respondent-Appellee.
 No. 83-3448
 United States Court of Appeals, Sixth Circuit.
 9/30/85
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the order denying his pro se petition for habeas corpus brought under 28 U.S.C. Sec. 2254. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was convicted in Ohio of rape of a child under 13 years old and sentenced to life imprisonment. He filed a direct appeal, but voluntarily dismissed it. He then filed a state post-conviction action alleging ineffective assistance of trial counsel. The trial court held that counsel was not ineffective in his investigation of the case, and that other alleged instances of ineffectiveness were barred from consideration because they should have been raised on direct appeal. The court did, however, order resentencing. Petitioner appealed, and the appellate court held that all of the ineffective counsel claims were barred because they were not raised on direct appeal. The court also noted that petitioner's claims were groundless on the merits. Petitioner did not seek leave to appeal to the Ohio Supreme Court.
 
 
 3
 Petitioner then filed a motion for a delayed direct appeal. The appellate court denied the motion, and the Ohio Supreme Court denied leave to appeal. Petitioner then filed this habeas corpus petition raising the following five grounds for relief:
 
 
 4
 1. Denied effective assistance of appellate counsel;
 
 
 5
 2. Denied the right of appeal;
 
 3. Denied the right to retained counsel
 
 6
 4. Denied effective assistance of trial counsel; and
 
 
 7
 5. Denied the right to call witnesses on his behalf at the Ascherman Act hearing.
 
 
 8
 This district court denied the petition without a hearing. We affirm.
 
 
 9
 Respondent argues on appeal that the petition should be dismissed for failure to exhaust state remedies. See Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). Respondent claims that petitioner can still file a motion for delayed appeal to the Ohio Supreme Court in the post-conviction action under Rule II, Sec. 8 of the Ohio Supreme Court Rules of Practice. This Court has held that there is no right to a delayed appeal to the Ohio Supreme Court under Ohio Rev. Code Sec. 2953.05 which applies to both criminal and post-conviction actions. See Keener v. Ridenour, 594 F.2d 581 (6th Cir. 1979); see also Ohio Rev. Code Sec. 2953.23. We find that Rule 8 would not provide petitioner an opportunity for delayed appeal to the Ohio Supreme Court and petitioner's state remedies are exhausted.
 
 
 10
 Petitioner's first two claims are that he was denied effective appellate counsel and his right of appeal. Petitioner asserts that his counsel on direct appeal, H. Fred Hoefle, incorrectly advised him to raise his ineffective counsel claims in a post-conviction action. Petitioner then dismissed his direct appeal. Petitioner claims that Hoefle did not have access to two trial transcripts when he gave petitioner this advice. Petitioner claims that Hoefle was ineffective in failing to raise the ineffective trial counsel claims on appeal, and that petitioner voluntarily dismissed his direct appeal on the assumption that he could raise his ineffective trial counsel claims only in a post-conviction action. Respondent argues that petitioner voluntarily dismissed his direct appeal against Hoefle's advice.
 
 
 11
 From the documents included in the record, it appears that petitioner desired to dismiss his direct appeal and Hoefle attempted to inform petitioner of the consequences. The correspondence between Hoefle and petitioner shows that Hoefle did not advise petitioner to dismiss his direct appeal, but clearly informed him of the consequences, i.e., that he would be waiving the issue involving the right to retained counsel and any issues concerning counsel's conduct at trial. Hoefle also informed petitioner that he believed counsel was not ineffective, but he had not refused to present this issue on appeal. It is clear that petitioner voluntarily dismissed his direct appeal despite his awareness of the consequences. The appellate court's subsequent denial of petitioner's motion for a delayed appeal did not deprive petitioner of his constitutional right to an appeal since he had voluntarily waived it. See Boyd v. Cowan, 519 F.2d 182 (6th Cir. 1975); Bartley v. Kentucky, 462 F.2d 610 (6th Cir.), cert. denied, 409 U.S. 1062 (1972).
 
 
 12
 Petitioner's claim that Hoefle was ineffective for misinforming him is also without merit. The correspondence discussed above shows that Hoefle explained the purpose of an appeal and did not encourage petitioner to dismiss it. Hoefle also was not ineffective in believing that there was no ineffective assistance of counsel claim apparent in the record. An indigent defendant is entitled to effective assistance of counsel on appeal as of right. Evitts v. Lucey, ---- U.S. ----, 105 S.Ct. 830 (1985). Appellate counsel is not ineffective merely because he failed to raise nonfrivolous issues pressed by the client. Jones v. Barnes, 463 U.S. 745 (1983); Bowen v. Foltz, 763 F.2d 191 (6th Cir. 1985). In this case, Hoefle did not refuse to present issues pressed by petitioner, but merely advised him that ineffective counsel was not apparent in the record. Petitioner then dismissed his own appeal. The state appellate court in petitioner's past-conviction action reviewed the record and found that trial counsel was not ineffective. The record supports this finding. Hoefle's opinion that an ineffective counsel claim was not supported by the record was reasonable and did not constitute ineffective assistance of counsel.
 
 
 13
 Petitioner's third and fourth claims, that he was denied the right to retained counsel and his trial counsel was ineffective, were procedurally barred from review in the state courts. If a state prisoner has exhausted his state remedies, habeas corpus relief may be precluded under a Wainwright v. Sykes, 433 U.S. 72 (1977), analysis. Leroy v. Marshall, 757 F.2d 94 (6th Cir. 1985); Meeks v. Bergen, 749 F.2d 322 (6th Cir. 1984). Under Wainwright, when a procedural default bars state review of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and prejudice. Hoefle specifically advised petitioner in a letter dated January 10, 1979, that petitioner would waive the issue concerning his denial of retained counsel if he dismissed his direct appeal. Petitioner then dismissed his direct appeal, and that issue has never been presented to the state courts. Petitioner is precluded from raising this issue before the state courts by his failure to pursue to on direct appeal. See Leroy v. Marshall, supra; Keener v. Ridenour, supra. Based upon Hoefle's letter, petitioner cannot demonstrate cause for his failure to present this issue to the state courts.
 
 
 14
 The state appellate court in the post-conviction action held that petitioner's ineffective counsel claim was barred from review by his failure to raise it on direct appeal. Failure to raise an issue on direct appeal is a procedural bar subject to the Wainwright rule. See Leroy v. Marshall, supra. Petitioner argues that he failed to riase the issue on direct appeal due to Hoefle's advice. However, we find that Hoefle did not encourage petitioner to dismiss his appeal, and his opinion on the ineffective counsel issue was reasonable. In addition, ineffective counsel is not 'cause' for a petitioner's state procedural default. See McBee v. Grant, 763 F.2d 811 (6th Cir. 1985). Therefore, habeas corpus relief is not available for these two claims.
 
 
 15
 Petitioner did not raise his final claim concerning the Ascherman Act hearing in his appellate briefs. Therefore, the issue is deemed waived on appeal. See McGruder v. Necaise, 733 F.2d 1146 (5th Cir. 1984); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321 (6th Cir. 1967), cert. denied, 389 U.S. 975 (1967).
 
 
 16
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).