(741 P.2d 379)

No. 60,186

STATE OF KANSAS, *Appellee,* v. REICELYNN COOK, *Appellant.*

Petition for review denied October 6, 1987.

Opinion filed August 6, 1987. 

*Benjamin C. Wood,* chief appellate defender, for appellant.

*Darrell E. Miller,* county attorney, for appellee.

Before ABBOTT, C.J., BRAZIL, J., and MICHAEL A. BARBARA, District Judge Retired, assigned.

BRAZIL, J.: Reicelynn Cook appeals from the district court's denial of her motion to allow the late filing of a notice of appeal following her convictions of felony theft, K.S.A. 1986 Supp. 21-3701, and burglary, K.S.A. 21-3715.

Defendant Cook contends that the district court erred in denying her motion to allow the late filing of her notice of appeal. She contends that the fact that no notice of appeal was filed suggests that she received ineffective assistance of counsel. Finally, she contends that, pursuant to *Evitts v. Lucey,* 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), the district court should have held a hearing to determine whether she waived her right to an appeal. For the reasons that follow, we disagree with Cook's contentions and affirm the district court.

Cook's notice of appeal was not filed within the statutory time allowed, which is within 130 days of sentence. K.S.A. 1986 Supp.

21-4603(3); K.S.A. 1986 Supp. 22-3608(1). In *State v. Moses*, 227 Kan. 400, 403, 607 P.2d 477 (1980), the court noted that there is no provision authorizing district courts to extend the time for appeal in criminal cases. An exception to this general rule "has been recognized only in those cases where a defendant either was not informed of his or her rights to appeal or was not furnished an attorney to exercise those rights or was furnished an attorney for that purpose who failed to perfect and complete an appeal." *State v. Ortiz*, 230 Kan. 733, 736, 640 P.2d 1255 (1982).

Here, the district court correctly determined that Cook did not meet any of the *Ortiz* exceptions and that it did not have jurisdiction to extend the statutory time for perfecting an appeal.

Cook is correct in her contention that she is entitled to effective assistance of counsel on appeal. In *Douglas v. California*, 372 U.S. 353, 9 L. Ed 2d 811, 83 S. Ct. 814, *reh. denied* 373 U.S. 905 (1963), the United States Supreme Court held that the Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. In *Evitts v. Lucey*, the Court held that "[a] first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." 469 U.S. at 396.

Nothing in the record, however, indicates that Cook requested counsel on appeal and was either denied counsel or provided counsel who failed to perfect the appeal. Cook was advised of her right to appeal her conviction and was told that, if she could not afford the services of an attorney on appeal, the Kansas Appellate Defender would be appointed to represent her. The record contains no indication that Cook desired to exercise her right to appeal but was precluded from doing so. In *State v. Ortiz*, 230 Kan. at 736 (quoting *Norris v. Wainwright*, 588 F.2d 130, 137 [5th Cir. 1979]), the court noted: "'A defendant properly informed of his appellate rights may not "let the matter rest," *Worts v. Dutton*, 395 F.2d 341, 344 (5th Cir. 1968), and then claim that he did not waive his right to appeal.'"

Cook has failed to show that she was denied effective assistance of counsel in perfecting an appeal.

Cook's final contention that she was entitled to an evidentiary hearing to determine whether she waived her right to an appeal

is also without merit. In *State v. Ortiz*, 230 Kan. at 736 (quoting *Norris v. Wainwright*, 588 F.2d at 137), the court stated: "'We hold that neither the sixth amendment nor the fourteenth amendment requires that the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review.'"

The *Ortiz* court further noted:

"Whether the defendant made a knowing and intelligent decision to forego an appeal is subjective in nature. The courts only can be expected and required to show on the record that a defendant was advised of the right to appeal and that an attorney was or would have been appointed to assist the defendant in such an appeal." 230 Kan. at 736.

*Evitts v. Lucey*, 469 U.S. 387, does not change the principles recognized in *Norris v. Wainwright* and *State v. Ortiz*. *Evitts v. Lucey* held that, if a criminal defendant desires to appeal his conviction, he is entitled to the effective assistance of counsel. That case is silent regarding any duty by the trial court to hold an evidentiary hearing to determine if a defendant has waived his or her right to appeal.

Cook was advised of her right to appeal and her right to have counsel appointed. Nothing in the record indicates, nor does Cook contend on appeal, that she failed to understand these rights or was precluded from exercising them.

The district court did not err in denying Cook's motion to allow the late filing of her notice of appeal and in not holding a hearing to determine whether Cook waived her right to appeal.

Affirmed.